Sylvester Donnell BRYANT, Appellant,

v.

The STATE of Texas, Appellee.

NUMBER 13-16-00540-CR

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed the 29th
day of August, 2017.

Discretionary Review Refused
February 7, 2018

Hon. Abel Reyna, McLennan County
District Attorney, Hon. Brody Burks, Assistant District Attorney, Waco, TX, for
Appellee.

Hon. Stan Schwieger, Law Office of
Stan Schwieger, Waco, TX, for Appellant.

Before Chief Justice Valdez and Justices
Longoria and Hinojosa

## OPINION [1]

Opinion by Justice Hinojosa

Appellant Sylvester Donnell Bryant appeals his conviction for aggravated assault with a deadly weapon, enhanced to a first-degree felony due to appellant's prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.02 (West, Westlaw through Ch. 49, 2017 R.S.). A jury found appellant guilty and assessed punishment of life imprisonment in the Texas Department of Criminal Justice–Institutional Division. By one issue, appellant argues the trial court erred in overruling his objection to the use of appellant's prior conviction as impeachment evidence. We affirm.

## I. PRIOR CONVICTION

### A. Pertinent Facts

The trial court conducted a hearing outside the presence of the jury to consider the admissibility of appellant's prior conviction. Appellant's counsel argued that, in the event appellant testified, the State should not be able to impeach appellant with his prior aggravated assault conviction. Appellant argued that the conviction was inadmissible under Texas Rule of Evidence 609(b) because more than ten years had elapsed since the date of conviction. *See* TEX. R. EVID. 609(b) (providing for limits on the use of prior convictions after ten years). The trial court ruled that the State could introduce the prior conviction to impeach appellant if he chose to testify. During appellant's testimony, his counsel preemptively inquired whether appellant was previously convicted of aggravated assault, and appellant responded, "Yes, I was." The State did not thereafter introduce any evidence concerning appellant's prior conviction.

### B. Standard of Review and Applicable Law

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Under this standard, we do not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement. *Davis*, 329 S.W.3d at 803; *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

Texas Rule of Evidence 609(a) provides that witness credibility may be attacked by admitting evidence that the witness was previously convicted of a felony or crime of moral turpitude if the trial court determines that the probative value of admitting the evidence outweighs its prejudicial effect. *See* TEX. R. EVID. 609(a); *Meadows v. State*, 455 S.W.3d 166, 170 (Tex. Crim. App. 2015). Rule 609(b) limits Rule 609(a) by providing that evidence of a prior conviction is inadmissible if more than ten years have elapsed since the date of conviction or release of the witness from the confinement imposed for that conviction, whichever is later, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances *substantially* outweighs its prejudicial effect." [2] TEX. R. EVID. 609(b) (emphasis added); *see Meadows*, 455 S.W.3d at 170.

---

1. This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 49, 2017 R.S.).

2. The parties disagree on whether Rule 609(b) is applicable to appellant's prior conviction.

██ In weighing the probative value of a conviction against its prejudicial effect, we consider the following nonexclusive list of factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *See Leyba v. State*, 416 S.W.3d 563, 572 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992)).

## C. Analysis

██ We need not decide here whether the trial court's evidentiary ruling was an abuse of discretion because appellant has waived any alleged error. "[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." *Ohler v. United States*, 529 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000). The waiver principle announced by the Supreme Court in *Ohler* has been adopted by Texas appellate courts, including the Tenth Court of Appeals.[3] *See Roderick v. State*, 494 S.W.3d 868, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("By testifying first on direct examination, appellant waived any error regarding the trial court's ruling on the admissibility of his prior conviction."); *see also Sargent v. State*, No. 10-13-00158-CR, 2014 WL 505350, at *2 (Tex. App.—Waco Feb. 6, 2014, pet. ref'd) (mem. op., not designated

for publication); *Thompson v. State*, No. 13-00-400-CR, 2001 WL 1002415, at *2 (Tex. App.—Corpus Christi Aug. 31, 2001, no pet.) (mem. op., not designated for publication).

The trial court decided, outside the presence of the jury, that appellant's prior conviction for aggravated assault was admissible. Appellant then elected to introduce his prior conviction to the jury himself when he testified on direct examination. By preemptively introducing evidence of a prior conviction on direct examination, appellant has waived any error regarding the trial court's ruling. *See Ohler*, 529 U.S. at 760, 120 S.Ct. 1851; *Roderick*, 494 S.W.3d at 881; *see also Thompson*, 2001 WL 1002415, at *2 (explaining that "a party cannot claim on appeal that evidence he introduced was erroneously admitted").

We overrule appellant's sole issue.

## II. CONCLUSION

We affirm the trial court's judgment.

██

---

We need not resolve this question because it is not dispositive of this appeal. *See* Tex. R. App. P. 47.1.

**3.** *See* Tex. R. App. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to

which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.").