

**NUMBER 13-16-00245-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHARLES GARZA,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

**On appeal from the 347th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION ON REHEARING[1]

**Before Justices Benavides, Longoria, and Hinojosa
Memorandum Opinion on Rehearing by Justice Longoria**

Appellant Charles Garza appeals his conviction for possessing, with intent to deliver, between four and 200 grams of methamphetamine, a first-degree felony. *See*

---

[1] Garza filed a motion for rehearing. *See* TEX. R. APP. P. 49.7. On the panel's own motion it withdraws its initial memorandum opinion and judgment and replaces them with the instant memorandum opinion and accompanying judgment. Garza's motion for rehearing is denied.

TEX. HEALTH & SAFETY CODE ANN. § 481.112 (a), (d) (West, Westlaw though 2017 1st C.S.). After finding that appellant is a habitual felony offender, the jury sentenced appellant to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw though 2017 1st C.S.). In six issues appellant argues: (1) the trial court erred by admitting discovery and a judgment from a civil asset forfeiture case; (2) the trial court erred by admitting the audio statement of a testifying witness; (3) the trial court erred by re-opening evidence after the jury began deliberating; (4) the State violated appellant's due process rights by suppressing favorable, material evidence; (5) the trial court submitted an erroneous punishment jury charge, resulting in a sentence unsupported by necessary findings; and (6) the trial court proceedings were infected with cumulative error, warranting a new trial. We affirm.

## I. BACKGROUND

In October 2013, Corpus Christi Police Department SWAT officers executed a no-knock warrant at the home of Henry Velasquez. During the search, the officers encountered several individuals in different areas of the home. Appellant was located in one of the bedrooms with Rodolfo "Rudy" Ramos and Richard Ambriz. In the bedroom where appellant was located, the officers found a safe on the bed which contained approximately 27 grams of methamphetamine, a box of sandwich bags, a spoon, a light bulb, some change, and a digital scale. Officers were told by Ramos that the safe belonged to appellant. Appellant previously lived in the home and the room he was in was his former bedroom. Officers ultimately linked the safe and its contents to appellant. Velasquez and his girlfriend were located in another bedroom. In that room there was a

2

drawer full of money and a shoe box containing 172.84 grams of cocaine. Velasquez pleaded guilty to the possession of the cocaine and received a fifteen-year sentence. He testified that he was not selling the methamphetamine and the safe did not belong to him.

Appellant was charged by indictment with first-degree possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE Ann. § 481.112 (a), (d). The State also gave notice that it would seek to punish as him a habitual felony offender. *See* TEX. PENAL CODE ANN. § 12.42(d). Count 1 of the indictment alleged that on or about October 3, 2013, in Nueces County, Texas, appellant did then and there knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, in an amount of four grams or more but less than 200 grams; and count 2 of the indictment alleged that appellant, on or about October 3, 2013, in Nueces County, Texas, did then and there knowingly possess, with intent to deliver, a controlled substance, namely, methamphetamine, in an amount of four grams or more but less than 200 grams.

The State moved to dismiss the first count of the indictment. Subsequently appellant was found guilty of the second count of the indictment. The jury then found that appellant was a habitual felony offender and assessed his punishment at forty years' imprisonment. This appeal followed.

## II. ADMISSIBILITY OF EVIDENCE

By his first two issues, appellant contends that the trial court erred by admitting inadmissible evidence, specifically: (1) discovery and a judgment from a civil asset forfeiture case; and (2) the audio statement of a testifying witness.

### A. Standard of Review

3

An appellate court reviewing a trial court's ruling on the admissibility of evidence must utilize an abuse-of-discretion standard of review. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Prystash v. State*, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999). In other words, the appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Weatherred*, 15 S.W.3d at 542; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In addition, the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998); *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex. Crim. App. 1984).

**B.     Documents from Appellant's Civil Asset Forfeiture Case**

Appellant argues that the trial court erred by admitting the agreed judgment and additional documents from his civil asset forfeiture case on the grounds that the documents were irrelevant, prejudicial, settlement negotiations or plea discussions, and unauthenticated hearsay.

**1.     Settlement Negotiations**

Appellant argues that the exhibit containing the civil asset forfeiture documents, specifically the agreed judgment, was inadmissible as a settlement negotiation or plea discussion. *See* TEX. R. EVID. R. 408, 410.

Rule 408 of the Texas Rules of Evidence states:

(a) Prohibited Uses. Evidence of the following is not admissible either to prove or disprove the validity or amount of a disputed claim:

(1) furnishing, promising, or offering–or accepting, promising to accept, or offering to accept–a valuable consideration in compromising or attempting to compromise the claim; and

4

> (2) conduct or statements made during compromise negotiations about the claim.
>
> (b) Permissible Uses. The court may admit this evidence for another purpose, such as proving a party's or witness's bias, prejudice, or interest, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

*Id.* Here, the State's use of the evidence was to establish a link between the appellant and the recovered money. Specifically, they were corroborating the testifying officer's statement that the money was found on appellant's person. Their intention, therefore, was to use the forfeiture documents, which were created to facilitate the agreed judgment, to prove the validity of a disputed claim, which is specifically prohibited under rule 408. *See* TEX. R. EVID. R. 408; *see also Casamento v. State*, No. 05-91-00294-CR, 1992 WL 224567, at *4 (Tex. App.—Dallas Sept. 11, 1992, no pet.) (mem. op. not designated for publication) (finding that the use of a civil forfeiture judgment was admissible in criminal case for purposes of impeachment where the defendant took the stand and testified that he had no association to the money involved in the forfeiture proceeding). Therefore, the trial court abused its discretion in admitting the civil forfeiture documents.[2]

## 2. Harm Analysis

Because we conclude that the trial court abused its discretion, we must now evaluate for harm. *See* TEX. R. APP. P. 44.2. Generally, if the trial court's ruling merely offends the rules of evidence, the erroneous admission or exclusion of evidence is non-constitutional error for purposes of a harm analysis. *See Celis v. State*, 354 S.W.3d 7, 38 (Tex. App.—Corpus Christi 2011), *aff'd* 416 S.W.3d 419 (Tex. Crim. App. 2013). Non-

---

[2] Having found error under rule 408, we need not address appellant's arguments that the exhibit was inadmissible as irrelevant, more prejudicial than probative, or hearsay as the analysis for harm is the same. *See* TEX. R. APP. P. 44.2.

constitutional errors that do not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove. *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (en banc). The State sought to use the inadmissible civil forfeiture documents to establish a link between appellant and the contraband, specifically to show that the cash that was seized belonged to appellant. Appellant argues that the jury may have taken the documents as an admission of guilt because the documents state that the money was his. Appellant argues that his defense strategy focused on the lack of links between himself and the contraband. The information in exhibit 60 allowed the State to present the link between appellant and the contraband as an admission of guilt by appellant. Appellant's argument that the documents were inadmissible states that admission of the exhibit "undoubtedly operated as an admission of guilt in the jury's eyes, distinguishing [appellant] from the other two potential defendants and resulting in a guilty verdict."

The State, however, brought this same information in through its testifying officer without objection:

| Prosecutor: | All right. Let's talk about this particular case. During this search that you were conducting after the search warrant was issued, did you happen to be present when the defendant Charles Garza's person was searched? |
| --- | --- |
| Officer: | Yes. |
| Prosecutor: | Okay. And what was found on this man's person? |
| Officer: | A little over $1600 in U.S. currency. |

6

In a hearing outside the presence of the jury, appellant objected to Officer Larock's testimony and his objection was overruled; no running objection to the evidence was requested nor received. Subsequently, when the testimony was presented to the jury, appellant did not object. *See Clay v. State*, 361 S.W.3d 762, 766–67 (Tex. App.—Fort Worth 2012, no pet.) (holding that where appellant failed to obtain a running objection to the evidence and did not object to the evidence each time it was offered, he did not preserve error). "It is defense counsel's responsibility to object every time allegedly inadmissible evidence is offered, and when counsel objects to certain inadmissible testimony, but then permits similar evidence to come in without objection, the complaint is deemed cured." *Brown v. State*, 692 S.W.2d 146, 151 (Tex. App.—Houston [1st Dist.] 1985), *aff'd*, 757 S.W.2d 739 (Tex. Crim. App. 1988).

Additionally, appellant was able to cross-examine Officer Larock who presented the testimony linking him to the contraband. What weight to give contradictory testimonial evidence is within the sole province of the jury because it turns on an evaluation of credibility and demeanor. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). Additionally, cross-examination of the officer by appellant's counsel elicited that there was a civil forfeiture proceeding prior to the State introducing the exhibit.

Appellant does not address any of the specific documents within the exhibit that would create harm aside from the general conclusion that the jury likely viewed the exhibit as an admission of guilt by linking appellant to the contraband. Appellant states that the exhibit could be viewed as an implied admission of guilt, but aside from linking him to the

7

contraband, he does not explain or show how the exhibit would create such an impression.[3]

Accordingly, the erroneous admission of the document was harmless and did not constitute reversible error. *See id.* Appellant's first issue is overruled.

## C. Audio Statement

By his second issue, appellant argues that the trial court erred in admitting the audio statement of co-defendant Ramos.

### 1. Waiver

The State argues that appellant waived his argument as to the admissibility of the audio statement of Ramos when appellant offered it into evidence at trial. In order to preserve error for appellate review, the record must show that a complaint was made to the trial court by an objection that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a); *Aguilera v. State*, 75 S.W.3d 60, 65 (Tex. App.—San Antonio 2002, pet. ref'd). To preserve error for review, a timely and specific objection must be made and followed by an adverse ruling. *Aguilera*, 75 S.W.3d at 65.; *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). A party must object every time allegedly inadmissible testimony is offered in order to preserve error. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim.

---

[3] On original submission, we focused on the exhibit being a link between the appellant and the contraband. In appellant's motion for rehearing, he now contends that the specific documents within the exhibit, namely the "Agreed Judgment," could be evaluated as an admission of guilt by the jury. Upon further review, appellant's argument in his appellate brief on this issue relates specifically to the exhibit creating the link between himself and the contraband, and thus discrediting his theory of defense. Appellant maintained his general objection to the exhibit and then specifically argued that the document linked him to the contraband and thus could be viewed as an admission of guilt, therefore our analysis remains the same.

8

App. 1991); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *Scaggs v. State*, 18 S.W.3d 277, 291 (Tex. App.—Austin 2000, pet. ref'd).

Here, appellant initially objected to the State using the recorded statement of Ramos; however, appellant was ultimately the party who entered the redacted recording into evidence. While the trial court had already ruled on the admissibility of the recording in a hearing outside the presence of the jury, by offering and moving the recording into evidence during his cross-examination of Ramos, appellant did not preserve error on the argument of admissibility of said evidence. *See Hudson*, 675 S.W.2d at 511 (stating that "it is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered"); *see also Bryant v. State*, 534 S.W.3d 471, 473 (Tex. App.—Corpus Christi 2017, pet. ref'd) (quoting *Ohler v. United States*, 529 U.S. 753, 760 (2000) "[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error."). We conclude that appellant did not preserve error. *See id*. Appellant's second issue is overruled.

### III.    REOPENING OF EVIDENCE

By his third issue, appellant argues that the trial court erred by reopening evidence after the jury began deliberating.

### A.    Invited Error

Appellant contends that the reopening of evidence was a violation of article 36.02 and as such should be held to be an abuse of discretion by the trial court. *See* TEX. CRIM. PROC. CODE ANN. § 36.02 (West, Westlaw through 2017 1st C.S.) ("The court shall allow

testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."). The State, however, argues that appellant invited the error of which he now complains. *See Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (stating that "[t]he law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental.").

During the punishment phase of appellant's trial, the State elicited testimony from an officer about a prior offense committed by appellant. After the close of evidence, the State learned that a co-defendant in appellant's prior offense claimed responsibility for the offense. The State brought this information to the attention of appellant's counsel and the trial court. Appellant's counsel requested that the jury be informed of the new information. The jury was brought in and counsel for the State explained the new information. Appellant sought to have the information given to the jury and cannot now complain that it was error to do so. *See id*. Appellant's third issue is overruled.

### IV. SUPPRESSION OF FAVORABLE EVIDENCE

By his fourth issue, appellant contends that the state suppressed favorable evidence in violation of his due process rights. *See Brady v. Maryland*, 373 U.S. 83 (1963).

### A. Applicable Law

Under United States Supreme Court precedent beginning with *Brady*, the State is required to disclose evidence known to it that is favorable or material to a defendant's guilt or punishment, whether or not the defendant requests it. *Strickler v. Greene*, 527 U.S. 263, 280 (1999). This duty encompasses both impeachment as well as exculpatory

evidence. *Id*. (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)). The good or bad faith of the prosecution is irrelevant. *Brady*, 373 U.S. at 87, 83 S.Ct. 1194.

A defendant must show the following requirements to establish a Brady violation: (1) the State suppressed evidence; (2) the suppressed evidence is favorable to the defendant; and (3) the suppressed evidence is material. *Strickler*, 527 U.S. at 281–82; *accord Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). "Favorable" evidence for these purposes is any evidence that, if disclosed and used effectively, "may make the difference between conviction and acquittal." *Harm*, 183 S.W.3d at 406. Evidence is "material" for Brady purposes "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008) (internal quotations omitted). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id*.

The materiality prong incorporates a requirement that the defendant is prejudiced by the State's failure to disclose the evidence. *Harm*, 183 S.W.3d at 406. When information is disclosed mid-trial, the prejudice inquiry involves determining whether the disclosure came in time to make effective use of the information at trial. *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). "If the defendant received the material in time to use it effectively at trial, his conviction should not be reversed just because it was not disclosed as early as it might have and should have been." *Id*.

## B. Arguments of the Parties

Appellant argues that the State presented misleading evidence by suppressing favorable, material evidence. Appellant argues that the State suppressed exculpatory

evidence that another individual was responsible for a prior criminal act that the State presented to the jury during the punishment phase of his trial. As previously discussed, when the State learned of the information, it was presented to appellant's counsel and the trial court. Appellant's counsel requested the information be relayed to the jury, thus, reopening evidence during deliberations. Appellant's request was granted and the jury was presented with the new information. Appellant now argues on appeal that the State "affirmatively presented prejudicial evidence while suppressing the full story."

The State responds that appellant failed to preserve the *Brady* complaint for review because he failed to make any objection, nor did he move for a mistrial. Further, the State notes that there was no mention of *Brady* in a motion for new trial.

## C.     Preservation of Error

Preservation of error is governed by Rule 33.1 of the Texas Rules of Appellate Procedure, which provides that, to preserve error, a complaint must be "made to the trial court by a timely request, objection, or motion that . . . state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The record must also show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." *Id*. R. 33.1(a)(2).

In this case, there was no objection made on *Brady* grounds, or at all, in regard to the evidence. Appellant's counsel did not present any argument to the trial court and

12

therefore, cannot now raise the issue on appeal. *See id*. We conclude appellant's issue was not preserved for appeal. *Id*. We overrule appellant's fourth issue.

## V.     JURY CHARGE ERROR

By his fifth issue, appellant contends the trial court submitted an erroneous punishment jury charge by not requiring the jury to make distinct findings about each alleged enhancement.

### A.     Applicable Law

Courts analyze a jury-charge issue under a two-step process, first deciding whether there was error in the charge and, if error exists, analyzing the error for harm. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). The amount of harm necessary to warrant reversal depends on whether the error was preserved for appeal. *Id*. When, as here, the defendant did not object to the jury charge, error is reversible only if it was egregiously harmful. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015).

### B.     Enhancement Application

Appellant argues that the jury "did not have the opportunity to distinctly address the validity of the enhancements after [appellant] challenged the testimony linking him to the judgments." Specifically, appellant argues that the trial court combined the finding of whether or not he was a habitual felony offender within the reiteration of the guilty verdict and sentence assessment.

> Generally, the factfinder's decision of what particular sentence to assess is a "normative, discretionary function" that does not depend on the resolution of specific facts. However, when the State seeks to enhance a defendant's sentence for the primary offense by alleging that a defendant has a prior conviction, and the defendant enters a plea of not true, the factfinder must decide whether the State has sustained its burden by entering a finding that

13

the enhancement allegation is either true or not true. In essence, the assessment of punishment involves two types of deliberations when the State has alleged, and the defendant has entered a plea of not true to, a prior conviction used for enhancement purposes. First, the factfinder engages in a deductive, discrete fact-finding process to determine whether the State has proved that the enhancement allegation is true. And second, considering all of the evidence admitted during the guilt and punishment phases, the factfinder engages in a normative process that is uninhibited by any required, specific fact determination to decide what particular punishment to assess within the range prescribed by law.

*Jordan v. State*, 256 S.W.3d 286, 291–92 (Tex. Crim. App. 2008) (citations omitted).

Here, the punishment charge specifically instructed the jurors regarding the enhancement charges, the finding of a person to be habitual felony offender, and the sentencing ranges. The verdict form then allows for three possible sentencing options: (1) habitual felony offender punishment; (2) repeat felony offender punishment; or (3) first degree felony punishment. The jury was instructed that it was their duty "to determine whether the Defendant is a Habitual Felony Offender" and that their determination must be beyond a reasonable doubt. The jury was specifically instructed to make a determination regarding appellant's habitual felony offender status and then to apply such determination to their sentencing. *See id.* at 293. We conclude there was no error in the punishment charge and verdict form. *See Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995) (stating that reviewing courts "must examine the charge as a whole instead of a series of isolated and unrelated statements."). Appellant's fifth issue is overruled.

## VI. CUMULATIVE ERROR

In his final issue, appellant argues that the "proceedings are infected with cumulative error, warranting a new trial." Listing each of his first five issues, appellant states that he has shown that there were multiple irregularities and errors in his trial, and therefore the integrity of the trial as a whole should be called into question. We need not

14

decide this issue, however, because appellant's conclusory statement that the cumulative effect of all his alleged errors warrants reversal is insufficient to maintain his burden to adequately brief the point of error.  *See* TEX. R. APP. P. 38.1(i); *Linney v. State*, 401 S.W.3d 764, 782–83 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (overruling as inadequately briefed appellant's conclusory contention that cumulative harm affected his substantial rights).  Appellant's sixth issue is overruled.

## VII.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of February, 2019.