

# NUMBER 13-18-00467-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOE DAVID CUELLAR,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Joe David Cuellar appeals from the revocation of his community supervision for three separate offenses. By one issue, appellant argues that the trial court erred when it limited his examination of a defense witness at the revocation hearing. We affirm.

## I. BACKGROUND

In January 2017, appellant was indicted for: one count of engaging in organized criminal activity, a first-degree felony, *see* TEX. PENAL CODE ANN. § 71.02(a)(1); one count of burglary of a habitation with intent to commit a felony, a first-degree felony, *see id.* § 30.02(d); and two counts of aggravated assault, a second-degree felony. *See id.* § 22.02(a)(2).

Appellant entered into a plea agreement with the State, pleaded guilty to engaging in organized criminal activity, burglary of a habitation with intent to commit a felony, and to one count of aggravated assault. The State agreed to abandon one count of aggravated assault. The trial court accepted the plea agreement and: placed appellant on seven years of deferred adjudication community supervision for the offense of engaging in organized criminal activity; found appellant guilty of burglary of a habitation and sentenced him to ten years' imprisonment, suspended for seven years of community supervision, along with a $3,000 fine; and placed appellant on seven years of deferred adjudication community supervision for the offense of aggravated assault.

In April 2018, the State moved to revoke appellant's community supervision for the burglary of a habitation conviction and to adjudicate guilt for the two other offenses. For each of the three offenses for which appellant was on community supervision, the State alleged appellant violated the conditions of his supervision by: committing a new offense of assault,[1] failing to pay $120 in court costs, failing to pay $600 in supervision fees to the community supervision department, failing to pay a $10 crime stopper fee, and associating "with anyone who has weapons of any description." At the hearing, however, the State only

---

[1] The State pleaded in its motions that appellant committed aggravated assault with a deadly weapon but revised the allegation to one of ordinary assault at the hearing on the motions.

presented evidence of appellant's alleged new offense of assault and did not present evidence supporting the other violations it alleged in the motions. Likewise, the trial court only asked appellant whether he pleaded true or not true to the assault allegation; appellant pleaded not true.

The State presented testimony from multiple officers who responded to the incident regarding the assault. In general, the officers testified that they responded to a disturbance and learned that an individual had suffered injuries after being shot by appellant with a BB gun. The complainant testified that appellant shot him with a BB gun and provided evidence of a feud existing between him and appellant.

As his sole defense witness, appellant called his father, Vicente Morales, and the following exchange occurred:

| [Defense Counsel]: | Okay. Did you or your family ever have to call law enforcement on [the complainant]? |
| [State]: | State is going to object to the relevance of that question. |
| [The Court]: | Objection is sustained. You don't have to answer that. |
| [Morales]: | Okay. |
| [Defense Counsel]: | Pass the witness, Judge. |

Appellant did not make an offer of proof or file a bill of exception.

The trial court found the allegation that appellant committed a new offense of assault to be true. Accordingly, it adjudicated guilt for the offense of organizing in criminal activity and sentenced appellant to fifteen years' imprisonment plus court costs; revoked his community supervision for burglary of a habitation with intent to commit a felony and sentenced appellant to ten years' imprisonment; and adjudicated guilt as to the aggravated

assault with a deadly weapon charge and sentenced appellant to fifteen years' imprisonment plus court costs. This appeal followed.

## II.    DISCUSSION

We review a trial court's decision to exclude evidence for an abuse of discretion. *Bryant v. State*, 534 S.W.3d 471, 472 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd). A trial court abuses its discretion if its decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

To preserve error in the exclusion of evidence, the proponent is required to make an offer of proof and obtain a ruling. TEX. R. EVID. 103(a)(2); *Reyna v. State*, 168 S.W.3d 173, 176 & n.8 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 33.2 (prescribing bills of exception). The complaining party's offer of proof must set forth the substance of the proffered evidence. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 103(a)(2)). Error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which questions were asked. TEX. R. EVID. 103(a)(2). "The offer of proof may consist of a concise statement by counsel, or it may be in question-and-answer form." *Mays*, 285 S.W.3d at 889. "If in the form of a statement, the proffer must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the trial court can determine whether the evidence is relevant and admissible." *Mata v. State*, 517 S.W.3d 257, 264 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd). "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Mays*, 285 S.W.3d at 890. "A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Id.*

Here, appellant argues that the trial court "improperly limited the scope of [his] cross-examination of a witness" and that "error was preserved"; however, appellant presents no argument explaining how error was preserved. Our review of the record shows that, after the trial court sustained the State's objection to appellant's question to Morales, appellant did not ask Morales any other questions and did not make an offer of proof or file a bill of exception. Without an offer of proof, we decline to speculate about the nature of the excluded testimony. *Mata*, 517 S.W.3d at 265. Therefore, we conclude that appellant's complaint was not preserved for appellate review. *See* TEX. R. APP. P. 33.2; *Mata*, 517 S.W.3d at 265.

Finally, appellant states in his brief "[a]lternatively, if the court finds that error was not properly preserved, then appellant argues that Defense counsel was ineffective in failing to assert the 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof." However, apart from this sentence, appellant presents no argument and cites no authority in support of his contention that defense counsel was ineffective. Accordingly, we conclude this argument has been inadequately briefed and has been waived. *See* TEX. R. APP. P. 38.1.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.

5